**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JAMES MCDANIEL,

    Plaintiff

v.

JAMES DZURENDA, et. al.,

    Defendants

Case No.: 3:19-cv-00101-RCJ-WGC

**Order**

Re: ECF Nos. 1-2, 4-2, 8, 9

    Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC). He has filed a first amended civil rights complaint under 42 U.S.C. § 1983 (ECF No. 4-1) and an application to proceed in forma pauperis (IFP) (ECF No. 4). He has also submitted two motions for appointment of counsel (ECF Nos. 1-2, 4-2), and a motion for appointment of a guardian ad litem (ECF No. 8.) Most recently, he filed a letter stating that Defendants are stealing his legal mail and asks the court to check the unit and notify him of the status. (ECF No. 9.)

    His first amended complaint sues multiple defendants for events that took place while he was incarcerated at Northern Nevada Correctional Center (NNCC). His allegations include claims under the Eighth Amendment for failure to protect him when he was placed in a unit without looking at his enemy list, and he was then attacked and sexually assaulted by an inmate known to sexually assault other inmates. He also attempts to state claims for violation of his rights to equal protection, due process, and under the Americans with Disabilities Act (ADA) related to his allegations that he is blind and was unable to effectively his exhaust his administrative remedies because he could not get help filing grievances, and cannot adequately

use the law library. Finally, Plaintiff tries to assert a retaliation claim related to denial of access to the grievance system.

In his two motions for appointment of counsel and his motion for appointment of guardian ad litem (ECF Nos. 1-2, 4-2, 8), (the latter two were drafted by another inmate), Plaintiff asserts again that he is blind and this affects his ability to write and conduct legal research. He states that he has no physical access to the law library, and the law library worker must service the entire unit of 84 inmates. He claims that his blindness prevents him from helping himself with his action, and while in a segregated unit he cannot get the help he needs.

A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id*. "Neither of these considerations is dispositive and instead must be viewed together." *Id*.

Under Rule 17(c), "[t]he court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2).

Plaintiff's filings do not indicate that Plaintiff is incompetent, but instead that he is blind and needs assistance with access to the law library, writing, and otherwise prosecuting this action. Therefore, Plaintiff's motion for guardian ad litem will be construed as a motion seeking

the appointment of counsel. In addition, the first motion for appointment of counsel (ECF No. 1-2) appears to have been written by Plaintiff himself, and understandably, is difficult to read. Therefore that motion (ECF No. 1-2) will be dismissed, and the court will consider the issues presented in ECF Nos. 4-2 and 8.

The court will order the Attorney General's Office to enter a limited notice of appearance for a telephonic status conference addressing Plaintiff's blindness and ability to prosecute this action, and will require the Attorney General's Office to file *under seal* any *relevant* medical records or other records regarding the current status of his vision and ability to prosecute this action.

Finally, the court will deny Plaintiff's most recent filing regarding the stealing of legal mail (ECF No. 9) without prejudice as that issue is not presently proceeding in this action and Plaintiff's statement is too vague for the court to act on. The denial is without prejudice as the court recognizes that Plaintiff claims he is blind and he appears to have written that motion himself.

### **CONCLUSION**

(1) The motion/letter requesting the court check the unit and advise him regarding the alleged stealing of his legal mail (ECF No. 9) is **DENIED WITHOUT PREJUDICE**;

(2) The first motion for appointment of counsel (ECF No. 1-2) is **DENIED**;

(3) The motion for appointment of guardian ad litem (ECF No. 8) will be construed as requesting the appointment of counsel and the court will consider the issues presented in both ECF Nos. 4-2 and 8;

(4) The Clerk of Court shall electronically **SERVE** a copy of this Order on the Office of the Attorney General of the State of Nevada, by adding the Attorney General of the State of Nevada

to the docket sheet. This does not indicate acceptance of service. Within **21 days** of the date of this Order, the Attorney General's Office shall enter a limited notice of appearance for a telephonic hearing addressing the status of Plaintiff's blindness and his ability to prosecute this action. No defenses or objections, including lack of service, shall be waived as a result of the filing of the limited notice of appearance. Also within **21 days,** the Attorney General's Office shall file with the court *under seal* any *relevant* medical records or other *relevant* records regarding the current status of Plaintiff's vision and ability to prosecute this action. The Attorney General's Office shall ensure that Plaintiff is given adequate time to review these records, along with his inmate assistant, sufficiently in advance of the hearing. The court will issue a separate order setting this matter for a telephonic hearing. In the order setting the matter for a hearing, Plaintiff's inmate assistant (Felton L. Matthews assisted in preparing the first amended complaint) will be directed to appear for the telephonic hearing along with Plaintiff. In addition, the Attorney General's Office shall ensure that Plaintiff, and his inmate assistant, have access to the relevant records during the hearing.

**IT IS SO ORDERED**.

Dated: March 5, 2020

_William G. Cobb_
William G. Cobb
United States Magistrate Judge